UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Schaaron Martin, on behalf of S.C., M.C.,
and K.C.L.M.,

                Plaintiffs,                **ORDER ADOPTING REPORT**
v.                                        **AND RECOMMENDATION**
                                                      Civil No. 15-520 ADM/BRT

Minnesota Department of Education and
Office of Civil Rights,

                Defendants.

___

Schaaron Martin, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Schaaron Martin's ("Martin") Objection [Docket No. 13] to United States Magistrate Judge Becky R. Thorson's April 28, 2015 Report and Recommendation [Docket No. 11] ("R&R"). For the reasons set forth below, Plaintiff's Objection is overruled and Judge Thorson's recommendation is adopted.

## II. BACKGROUND

On April 6, 2015, Martin filed an Amended Complaint[1] [Docket No. 6] asserting claims against the Minnesota Department of Education and "Office of Civil Rights." Martin alleges violations of her and her children's constitutional and statutory rights.[2] Martin also applied to

---

[1] Martin filed her Complaint [Docket No. 1] on February 17, 2015. The Complaint asserted claims against the State of Minnesota, the City of Minneapolis, and "Minnesota District #1." Judge Thorson found the Complaint deficient and ordered Martin to file an amended complaint no later than April 17, 2015.

[2] Martin filed an additional Amended Complaint [Docket No. 9] on April 27, 2015. While Judge Thorson noted the Amended Complaint was untimely and not properly before the

proceed *in forma pauperis* [Docket No. 3] ("IFP") and moved for immediate summons [Docket No. 2].  In considering Martin's IFP application, Judge Thorson recommended that the Complaint be dismissed because it failed to state a cause of action.  R&R 3–4.  Judge Thorson found that Martin's Amended Complaint failed to articulate any specific factual allegations that could entitle her to any legal redress against either named Defendant.

  Martin's Objection was received on May 8, 2015.  Her Objection fails to identify any legal error in Judge Thorson's R&R.  Rather, Martin simply notes several of her previously filed cases and her dissatisfaction with their outcomes.  Her Objection also alleges several new facts that, even when construed liberally, are at best vaguely connected to any of the named Defendants.

### III.  DISCUSSION

  In reviewing a Report and Recommendation, the district court "shall consider the appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also D. Minn. LR 72.1(b)(2).  When reviewing whether a complaint states a claim upon which relief may be granted, this Court must assume that all factual allegations in the complaint are true.  Abels v. Farmers Commodities Corp., 259 F.3d 910, 914 (8th Cir. 2001).  The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint does not

---

court, Judge Thorson nevertheless concluded that the April 27, 2015 Amended Complaint also failed to state a claim on which relief may be granted.

require detailed factual allegations, but it demands "more than unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted).

Martin's Amended Complaint includes several conclusory allegations, statutory and constitutional quotes, and descriptions of unfortunate events. Many of the allegations and events described do not appear to relate to the named Defendants in any way. The bulk of the Amended Complaint focuses on the Plaintiff's dissatisfaction with the results of previous cases and motions she has brought in several courts. There is no possible construction under which the pleading in Martin's Amended Complaint states a claim upon which relief may be granted. Martin's Objection does not save her Amended Complaint from dismissal.[3] It includes additional conclusory allegations and portions of statutes, but once again, fails to state a cause of action. The Objection does nothing to remedy the problems with the Amended Complaint noted by Judge Thorson.

This is but the latest suit Martin has filed alleging cryptic claims against many defendants. Her other complaints have been dismissed at the IFP application stage. See Martin v. State of Minn., No. 14-8 MJD/SER; Martin v. Mpls School Dist #1, No. 14-4462 PJS/SER. While Martin clearly believes she has a viable cause of action under these unartfully pled facts, multiple District Judges and Magistrate Judges have expressly determined she does not.

---

[3] Since Judge Thorson issued the R&R, Martin has filed sixteen additional documents variously stylized as Amended Complaints, Demands, and Requests. See, e.g. [Docket Nos. 15–32]. These filings are comparable in form and substance to Martin's earlier filings and similarly fail to state any cause of action.

Therefore, the Clerk of Court is directed to identify Martin as a "Restricted Filer," and refuse to file any new pleadings submitted by Martin unless she is represented by counsel, or her pleading has been pre-approved by a Magistrate Judge or a District Judge of this Court.

### IV.  CONCLUSION

After an independent, de novo review of the files, records, and proceedings in the above titled matter, **IT IS ORDERED** that:

1. Martin's Objection [Docket No. 13] is **OVERRULED**;

2. Martin's application to proceed *in forma pauperis* [Docket No. 3] is **DENIED**;

3. Martin's motion for immediate summons [Docket No. 2] is **DENIED AS MOOT**;

4. This action is **DISMISSED**; and

5. The Clerk of Court is directed to identify Martin as a "Restricted Filer," and refuse to file any new pleadings submitted by Martin unless she is represented by counsel, or her pleading has been pre-approved by a Magistrate Judge or a District Judge of this Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 11, 2015.